IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LILI WAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-23 (JLH) |
| | ) |
| YOUYI DONG, DB LOGISTICS USA | ) |
| INC., 12 MCCULLOUGH LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Lili Wan, Wilmington, Delaware, Pro Se Plaintiff.

Amy M. Taylor, Esq., Miranda D. Clifton, Esq., Heckler & Frabizzio, Wilmington, Delaware. Counsel for Defendants Youyi Dong and DB Logistics USA Inc.

William A. Crawford, Esq., Franklin & Prokopik, Newark, Delaware. Counsel for Defendant 12 McCullough LLC.

September 16, 2024
Wilmington, Delaware

**HALL, U.S. District Judge:**

I. **INTRODUCTION**

Plaintiff Lili Wan, proceeding *pro se,* filed this case on January 10, 2023, against Defendants Youyi Dong, DB Logistics USA Inc., and 12 McCullough LLC. (D.I. 2.) The judge to whom this case was previously assigned dismissed for lack of jurisdiction but granted leave to amend. On September 27, 2023, Plaintiff filed an Amended Complaint. (D.I. 21.) Defendant 12 McCullough filed a motion to dismiss (D.I. 22) and Defendants Dong and DB Logistics filed a motion to dismiss (D.I. 26). The case was subsequently reassigned to me. The Court will grant both motions to dismiss.

II. **BACKGROUND**

The Amended Complaint alleges two causes of action: (1) "gross negligence" against all Defendants; and (2) "failure to pay wages" against Defendants Dong and DB Logistics. (D.I. 21 at 4–6.) Both counts arise from events alleged to have occurred on November 29, 2021, at a warehouse in New Castle, Delaware. (*Id.* at 2–3.) At the time, Plaintiff was employed at the warehouse, Defendant Dong was her boss and supervisor, Defendant DB Logistics was her employer, and Defendant 12 McCullough was her employer's commercial landlord. (*Id.* at 2.)

On the date in question, Plaintiff attempted to operate a leveler located at the dock of the warehouse in order to load a freight truck waiting at the dock. (*Id.* at 3.) The leveler was broken, so Plaintiff attempted to use a pry bar to manually adjust it, and, in the process, she fell and hit the back of her head, rendering her unconscious. (*Id.*) Plaintiff suffered a concussion from the accident, the symptoms of which included prolonged headache, neck pain, and blurred vision. (*Id.*)

1

As of the date of the Amended Complaint, Plaintiff was still under treatment for her concussion. (*Id.*)

When Plaintiff requested warehouse surveillance footage of the accident from Defendant Dong, he either refused to provide it or was unable to provide it. (*Id.*) Defendant Dong also refused to pay Plaintiff the salary that she had earned during the two weeks prior to the accident. (*Id.*) As of the date of the Amended Complaint, Plaintiff still had not received pay for that period. (*Id.*)

Regarding the gross negligence claim, the Amended Complaint alleges that Defendants owed Plaintiff a duty of care to maintain a safe and hazard-free working environment, which included ensuring that all machinery and equipment was in proper working condition, and that Defendants breached this duty of care by failing to repair or replace the malfunctioning leveler, a necessary piece of equipment for Plaintiff's performance of her job duties. (*Id.* at 4.) The Amended Complaint further alleges that all Defendants knew that failing to repair or replace the leveler would create a dangerous condition that could result in injury, and they failed to take reasonable action to prevent such harm. (*Id.* at 5.)

Regarding the failure to pay wages claim, the Amended Complaint alleges that Defendants Dong and DB Logistics have a legal and contractual obligation to compensate Plaintiff for her labor and services, and Defendants breached that obligation by refusing to pay Plaintiff for work performed in the latter half of November 2021. (*Id.* at 5–6.)

### III.     DISCUSSION

Even when viewed in the light most favorable to Plaintiff, the Amended Complaint fails to state a cognizable claim of gross negligence by any named Defendant.  The Amended Complaint fails to state a cognizable claim of gross negligence by Defendant DB Logistics because the claim is precluded by the Delaware Workers' Compensation Act.  *See* 19 Del. C. § 2304.  That statute sets forth the general rule that the workers' compensation administrative process is the exclusive remedy for an employee who suffers a work-related accident causing injury.  "However, the Delaware Supreme Court has held that 'claims that involve a *true intent* by the employer to injure the employee fall outside of the Workers' Compensation Act and remain separately actionable as common law tort claims.'" *E.E.O.C. v. Avecia, Inc.*, 151 F. App'x 162, 166 (3d Cir. 2005) (quoting *Rafferty v. Hartman Walsh Painting Co.,* 760 A.2d 157, 159 (Del. 2000)).  Accordingly, in order to survive a motion to dismiss, a claim seeking a remedy for a work-related accident causing injury must allege "facts . . . which, if true, show deliberate intent to bring about an injury." *Id.* ("In other words, an employee must allege facts that, if true, would show that the employer intended to injure her. It would not be enough to allege facts showing that the employer intended to do an action and that the worker was injured as a result of that action. Specific intent is required.").  The Amended Complaint does not allege facts suggesting a deliberate intent to injure on the part of Defendant DB Logistics.  Accordingly, the Amended Complaint fails to state a claim of gross negligence against DB Logistics.[1]

---

[1] The Amended Complaint alleges that Plaintiff applied for "Workman's Compensation" (D.I. 21 at 3), and evidence outside the pleadings indicates that Plaintiff received workers' compensation benefits for her injuries sustained in connection with the November 29, 2021 incident. (D.I. 27-1, Ex. C.)

The Amended Complaint also fails to state claims of gross negligence against Defendants Dong and 12 McCullough. While "Delaware's exclusivity provision does not . . . prevent an injured worker from bringing suit against a third-party tortfeasor," *Stayton v. Clariant Corp.*, 10 A.3d 597, 600 (Del. 2010), the Amended Complaint does not plausibly allege that Defendant 12 McCullough breached any duty of care it owed to Plaintiff. And the Amended Complaint does not allege that Defendant Dong was a third-party tortfeasor (*i.e.*, that he had any role in the alleged events apart from his supervisory role at DB Logistics), nor does it allege any facts plausibly suggesting that he had a deliberate intent to injure Plaintiff.[2]

Without the gross negligence claim, the only thing left is the "failure to pay wages" claim, which is likewise a state law claim. The parties vigorously dispute whether Plaintiff can show diversity of citizenship at the time she filed the original Complaint. But there is no suggestion in the pleadings (or anywhere else) that Plaintiff's claim for unpaid wages exceeds $75,000 as would be required for the Court to have original subject matter jurisdiction over that claim. *See* 28 U.S.C. § 1332(a). Section 1367(a) of Title 28 permits the Court to exercise jurisdiction over state-law claims related to asserted claims over which the court has original jurisdiction; however, under § 1367(c)(3), the Court "may decline to exercise supplemental jurisdiction" over the state-law claims if it "has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). And "[i]t 'must decline' to exercise supplemental jurisdiction in such circumstances 'unless considerations of judicial economy, convenience, and fairness to the parties provide an

---

[2] In her response to the motion to dismiss filed by Defendants Dong and DB Logistics, Plaintiff mentions new allegations against Defendant Dong that are not included in the Amended Complaint. (D.I. 28 at 2.) The Court will not consider allegations not included in the operative pleading.

4

affirmative justification for doing so.'" *Stone v. Martin*, 720 F. App'x 132, 136 (3d Cir. 2017) (quoting *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (emphasis in original)).  There is no affirmative justification for assuming jurisdiction here.  The upside of all this is that, even if the Court might have had original jurisdiction over Plaintiff's state law gross negligence claim under 28 U.S.C. § 1332(a), the Court does not have original jurisdiction over Plaintiff's failure to pay wages claim, and that claim should be dismissed because there is no affirmative justification to exercise supplemental jurisdiction.

Based on the foregoing, the Court shall grant Defendants' pending motions (D.I. 22, 26) and dismiss the Amended Complaint for failure to state a claim and for lack of subject matter jurisdiction, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and 28 U.S.C. § 1367(c).

Plaintiff will be given an opportunity to file a second amended complaint remedying the deficiencies discussed above.  If Plaintiff chooses to file a second amended complaint, Plaintiff may not add any new claims; Plaintiff may only amend the allegations in the Amended Complaint to remedy the above-discussed deficiencies.  Plaintiff should be advised that filing a second amended complaint that fails to remedy the above-discussed deficiencies will likely result in dismissal with prejudice.  Alternatively, if Plaintiff chooses not to timely file a second amended complaint, and instead, determines to proceed in state court or takes no further action, the Amended Complaint will be dismissed without prejudice and this case will be closed.

### IV.     CONCLUSION

For the above reasons, the Court will grant Defendants' motions to dismiss the Amended Complaint.  (D.I. 22, 26.)  An appropriate Order will be entered.

5