**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

LILI WAN,                                )
                                         )
            Plaintiff,                   )
                                         )
       v.                                )
                                         )      C.A. No. 23-23-JLH
YOUYI DONG, and DB USA                   )
LOGISTICS INC.,                          )
                                         )
            Defendants.                  )

**<u>MEMORANDUM ORDER</u>**

Pending before the Court are Defendants' Motion to Compel (D.I. 46) and Plaintiff's

Opposition and Cross Motion for Entry of a Protective Order, Extension of Discovery, and to

Compel Defendants to Serve Complete Discovery Responses (D.I. 48) (hereinafter, "Motion for

Miscellaneous Relief").  I have read the relevant briefing and for the reasons explained below, I

will deny-in-part and grant-in-part each motion.

1.      This is a discovery dispute.  I write for the parties and therefore assume familiarity

with the facts.  In short, Plaintiff failed to respond to Defendants' discovery requests before the

close of discovery on March 13, 2026.  Plaintiff seeks a 120-day extension of the discovery

deadline and Defendant opposes.  Plaintiff also contends that she is owed additional discovery

from Defendants.

2.      E-mail exchanges between the parties show that Defendants initially asked for a

30-day extension to respond to Plaintiff's discovery requests, and that Plaintiff obliged as long as

Defendants would agree, if necessary, to a 30-day extension of the discovery deadline.  (D.I. 46,

Ex. C.)  E-mail exchanges further show that on multiple occasions thereafter, Plaintiff asked for,

and was granted, extensions of time to respond to Defendants' discovery requests. (*See, e.g., id.*, Ex. J, N.)  Plaintiff repeatedly cited her pro se status and limited proficiency with the English language—requiring use of a translator—as reasons for her delays. (*See, e.g., id.*, Ex. I, M, O.)

3.    The uncontested timeline of Plaintiff's provision of information is as follows:

a.  On January 15, 2026, Plaintiff provided responses to Defendants' first request for admissions. (D.I. 46 ¶ 13.)

b.  On January 29, 2026, Plaintiff provided answers to Defendants' first set of interrogatories. (*Id.* ¶ 14.)

c.  On February 6, 2026, Plaintiff provided an initial batch of documents in response to Defendants' first request for production of documents. (*Id.* ¶ 19.)

d.  On February 11, 2026, Defendants asked Plaintiff for her availability for a deposition.  To date, Plaintiff has not provided her availability. (*Id.*, Ex. T.)

e.  On February 13, 2026, Defendants served their second set of interrogatories and second request for admissions upon Plaintiff. (*Id.* ¶ 22.)  To date, Plaintiff has not responded to these requests.

f.  On February 24, 2026, Plaintiff advised Defendants that she intended to ask the Court for an extension of the discovery deadline.

4.    Defendants served their responses to Plaintiff's interrogatories and request for production of documents on November 25, 2025. (D.I. 48 at 2.)  Plaintiff contends that Defendants' production is incomplete because they "did not produce any internal safety records, maintenance records, surveillance footage, training documents, or internal communications." (*Id.*)  Defendants maintain that they have served complete responses. (D.I. 49 ¶ 17.)  Plaintiff does not point to any evidence supporting her assertion that the document production is incomplete; she

2

merely insists that it's "implausible" Defendants wouldn't possess the records she seeks. Plaintiff's belief that something should exist does not make it so. The Court cannot order Defendants to produce what they do not have in their possession, custody, or control. *See* Fed. R. Civ. P. 34(a)(1). I will therefore deny Plaintiff's motion to compel.[1]

5.      Plaintiff also seeks a protective order governing her health-related information. Defendants do not oppose the entry of Plaintiff's requested protective order. (D.I. 49 ¶¶ 2–4.) I will therefore grant Plaintiff's request to enter the proposed protective order.

6.      I next consider Plaintiff's request for an extension of the discovery deadline. The discovery deadline has now passed, but Defendants do not have answers to their second set of interrogatories or second request for admissions, and neither side has deposed any witnesses. Defendants oppose the request for an extension of the discovery deadline, but they also ask that I order Plaintiff to respond to the outstanding requests *and* provide Defendants with her availability for a deposition.[2] Such an order would necessarily require an extension of the discovery deadline. I also note that there is some confusion in the record over whether Defendants agreed to Plaintiff's early request for a 30-day extension of the discovery deadline.[3] Given this confusion, Plaintiff's

---

[1] Plaintiff also insists that Defendants did not submit "verified" answers to her interrogatories. (D.I. 48 at 6; D.I. 51 at 4.) Defendants counter that their interrogatory answers were proper and supported with an affidavit from Defendant Dong. (D.I. 49 ¶ 18.) No one provided the Court with a copy of the contested answers. Plaintiff therefore fails to establish that Defendants' interrogatory answers are deficient.

[2] Defendants also ask that I order Plaintiff to provide an itemized list of special damages, pursuant to Federal Rule of Civil Procedure 9(g). (D.I. 46 at 1.) But Rule 9 pertains to pleading standards, not discovery. As set forth below, Plaintiff is required to provide a computation of damages and supporting documentation, in accordance with Federal Rule of Civil Procedure 26(a)(1)(A)(iii).

[3] Plaintiff points out that in granting Defendants' early request for a 30-day extension to respond to her discovery requests, Plaintiff required agreement to a 30-day extension of the discovery completion deadline, should it be necessary. (D.I. 51 at 2.) Defendants responded in the affirmative, but the response indicates that Defendants may have understood the 30-day

engagement in the discovery process to date (albeit delayed), the fact that both parties still desire to engage in depositions, and the fact that no pretrial conference or trial dates have been set, I find there is good cause to extend the discovery deadline in this case. *See* Fed. R. Civ. P. 16(b)(4).

7.     Defendants are correct, however, that Plaintiff cannot continue to use her pro se status and limited English language proficiency as justification for her failure to comply with discovery deadlines. Those limitations have been present from the outset of this case—a case she chose to initiate, and a case she now bears responsibility to prosecute diligently and responsibly. This will be the only discovery extension the Court grants at Plaintiff's request.

8.     For the foregoing reasons, IT IS NOW HEREBY ORDERED that:

   a. Plaintiff's Motion for Miscellaneous Relief (D.I. 48) is GRANTED-IN-PART and DENIED-IN-PART:

      i.   The Motion for Entry of a HIPAA-Qualified Protective Order is GRANTED. The proposed protective order will be entered as a separate order;

      ii.  The Motion to Compel Defendants to Serve Complete Responses is DENIED;

      iii. The Motion to Extend the Discovery Deadline is GRANTED-IN-PART. All discovery shall be completed no later than 45 days from the date of this Order. IT IS FURTHER ORDERED THAT:

         1. Within 14 days of the entry of the protective order, Plaintiff shall provide Defendants with supplemental responses to Defendants' First Request for Production of documents;

         2. Within 7 days of the entry of the protective order, Plaintiff shall provide Defendants with dates and times she is available for deposition;

         3. Within 14 days of the entry of the protective order, Plaintiff shall provide Defendants with answers to Defendants' Second Set of Interrogatories and Second Request for Admissions; and

---

extension to relate to Plaintiff's responses, not the entire deadline. (D.I. 51, Ex. A.) This disconnect appears to be a misunderstanding due to imprecise communication.

4

4. Within 14 days of the entry of the protective order, Plaintiff shall provide Defendants with a computation of each category of damages claimed, and supporting documentation, in accordance with Federal Rule of Civil Procedure 26(a)(1)(A)(iii).

b. Defendants' Motion to Compel (D.I. 46) is GRANTED-IN-PART and DENIED-IN-PART:

i. The motion is GRANTED with respect to Plaintiff's obligation to respond to Defendants' Second Set of Interrogatories and Second Request for Admissions, and to provide dates and times Plaintiff is available for deposition, as set forth above;

ii. The motion is DENIED with respect to the request that Plaintiff be compelled to provide an itemized list of special damages pursuant to Federal Rule of Civil Procedure 9(g). As set forth above, Plaintiff is required to provide a computation of damages and supporting documentation in accordance with Federal Rule of Civil Procedure 26(a)(1)(A)(iii).

c. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before June 6, 2026.

Dated: April 22, 2026

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE

5